**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 10 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JUAN ANTONIO LARA-LOPEZ; et al., <br><br> Petitioners, <br><br> v. <br><br> WILLIAM P. BARR, Attorney General, <br><br> Respondent. | No. 16-70306 <br><br> Agency Nos. A206-758-113 <br> A206-758-112 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 8, 2020**

Before: CALLAHAN, NGUYEN, and HURWITZ, Circuit Judges.

Juan Antonio Lara-Lopez and his minor child, natives and citizens of El

Salvador, petition for review of the Board of Immigration Appeals' ("BIA") order

dismissing their appeal from an immigration judge's decision denying their

applications for asylum, withholding of removal, and relief under the Convention

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny in part and dismiss in part the petition for review.

In their opening brief, petitioners do not challenge the agency's determination that the proposed social group of "Salvadoran males subject to extortion, recruitment efforts and threats by Salvadoran gangs" was not cognizable. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not specifically raised and argued in a party's opening brief are waived). Petitioners also fail to challenge the agency's determination that they failed to establish that the harm they experienced or fear in El Salvador was or would be on account of a protected ground. *See id.* Thus, we deny the petition for review as to petitioners' asylum and withholding of removal claims.

We lack jurisdiction to consider petitioners' contentions regarding political opinion and any newly proposed particular social group because they were not raised to the agency. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented to the agency).

2

The record does not support petitioners' contention that the BIA failed to consider an argument based on *Pirir-Boc v. Holder*, 750 F.3d 1077 (9th Cir. 2014).

Substantial evidence supports the agency's denial of CAT relief because petitioners failed to show it is more likely than not they will be tortured by or with the consent or acquiescence of the government if returned to El Salvador. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009); *see also Wakkary v. Holder*, 558 F.3d 1049, 1067-68 (9th Cir. 2009) (no likelihood of torture).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**